UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE R. HURLEY,

      Plaintiff,

      v.                       CAUSE NO. 3:23-CV-831-DRL-MGG

A. JONES, et al.,

      Defendants.

OPINION AND ORDER

Jamie R. Hurley, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Hurley alleges that, on March 17, 2021, he was arrested and was booked in at the Elkhart County Jail under medical supervision due to withdrawal. Once he was sober, he noticed that his hand hurt and that there was a knot above his pinky finger. He notified Officer Upton. Nurse Deb looked at Mr. Hurley's hand and measured the knot. When Mr. Hurley had access to a kiosk, he submitted a medical request. He was taking Tylenol for his withdrawal symptoms, but no additional pain medical was provided for his hand

pain. He complained about his hand pain to everybody and had his family call to ask about treatment for his hand pain, but he wasn't seen by a doctor. Officer Danley taunted him for having family call. After ten days, an officer noticed the bruising on Mr. Hurley's arm and escorted him to the medical department. An x-ray was ordered, and it showed that he had a broken bone in his hand. He is suing Officer Upton, Nurse Deb, and Officer Danly.

Mr. Hurley didn't file this suit until August 30, 2023, approximately two years and five months after the incident occurred. Indiana's two-year statute of limitations applies. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate when the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, LP, 559 F.3d 671, 674 (7th Cir. 2009). On its face, Mr. Hurley's complaint appears time-barred. In the interests of justice, the court will give Mr. Hurley an opportunity to file an amended complaint that includes an explanation of what, if anything, prevented him from bringing this lawsuit within two years of the incident. If Mr. Hurley believes he can amend his complaint to address the concern outlined in this order, he may do so.

This complaint does not state a claim for which relief can be granted. If Mr. Hurley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir.

2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jamie R. Hurley until **March 5, 2024**, to file an amended complaint; and

(2) CAUTIONS Jamie R. Hurley if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 13, 2024                    *s/ Damon R. Leichty*
                                     Judge, United States District Court